1  Stacy Tolchin (CA SBN #217431)
   *Email: Stacy@Tolchinimmigration.com*
2  Law Offices of Stacy Tolchin
   776 E. Green St., Suite 210
3  Pasadena, CA 91101
   Telephone: (213) 622-7450
4  Facsimile: (213) 622-7233

5  Counsel for Plaintiff

6  **UNITED STATES DISTRICT COURT FOR THE
   CENTRAL DISTRICT OF CALIFORNIA**
7

8  STUDENT DOE #3,

9       Plaintiff,
                                            Case No ._____
10      v.

11 KRISTI NOEM, in her official
   capacity as Secretary of Homeland
12 Security; the DEPARTMENT OF
   HOMELAND SECURITY; and
13 TODD LYONS, in his official
   capacity as Acting Director of U.S.
14 Immigration and Customs
   Enforcement,
15
   Defendants.
16

# INTRODUCTION

1. Plaintiff Student Doe # 3 is a recent doctoral student in lawful F-1 status, participating in Optional Practical Training (OPT), a benefit available to international students in F-1 status that allows them to work in the U.S. in their field of study, either before or after completing their studies. They are one of hundreds, if not more, F-1 students nationwide whose SEVIS record has been abruptly and unlawfully terminated by U.S. Immigration and Customs Enforcement (ICE) since March 25, 2025, effectively stripping them of their ability to remain in student status in the United States.

2. The Student and Exchange Visitor Information Systems (SEVIS) is a government database that tracks international students' compliance with their F-1 status. ICE, through the Student and Exchange Visitor Program (SEVP), uses SEVIS to monitor student status. Following the revocation of their visa, SEVP terminated Plaintiff's SEVIS record and marked Plaintiff as "otherwise failing to maintain status; individual identified in criminal record check; SEVIS record has been terminated."

3. The termination of a SEVIS record effectively ends F-1 student nonimmigrant status. Even when a visa is revoked, however, ICE is not authorized to terminate Plaintiff's student status. The grounds cited by ICE in the SEVIS termination do not provide legal authority to terminate Plaintiff's SEVIS record. An F-1 visa controls a student's entry into the country, not their continued lawful

presence once admitted.  Plaintiff was in full compliance with the terms of their F-1 status and had not engaged in any conduct that would warrant termination of their status.

4. Rather, DHS's policy of unlawfully terminating SEVIS records based on visa revocations appears to be designed to coerce students, including Plaintiff, into abandoning their studies and "self-deporting" despite not violating their status. If ICE believes a student is deportable for having a revoked visa, it has the authority to initiate removal proceedings and make its case in court. It cannot, however, misuse SEVIS to circumvent the law, strip students of status, and drive them out of the country without process.

5. Since March 25, 2025, visa revocations and SEVIS terminations have shaken campuses across the country and California, including those in the University of California system and Stanford University.[1] On information and

---

[1] *See* Binkley, Collin, Annie Ma, and Makiya Seminera, *Federal officials are quietly terminating the legal residency of some international college students*, Associated Press, April 4, 2025, https://apnews.com/article/college-international-student-f1-visa-ice-trump-7a1d186c06a5fdb2f64506dcf208105a; Kaleem, Jaweed, *Trump administration cancels dozens of international student visas at University of California, Stanford*, Los Angeles Times, April 5, 2025, https://www.latimes.com/california/story/2025-04-05/trump-administration-cancels-international-student-visas-university-of-california-stanford;

belief, this policy appears to be primarily targeting African, Arab, Middle Eastern, Muslim, and Asian students. The SEVIS terminations have taken place against the backdrop of numerous demands being made of universities by the federal government and threats of cutting off billions of dollars in federal funding. They have created chaos as schools have attempted to understand what is happening and do their best to inform and advise students.

6. Plaintiff does not challenge the revocation of their visa in this action. Rather, Plaintiff brings this action under the Administrative Procedure Act (APA), the Fifth Amendment to the U.S. Constitution, and the Declaratory Judgment Act to challenge ICE's illegal termination of their SEVIS record.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the present action based on 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), and 28 U.S.C. § 2201-2 (authority to issue declaratory judgment when jurisdiction already exists).

8. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity; and because Plaintiff resides in the Inland Empire, which is located within the Central District of California, and there is no real property involved in this action.

## PARTIES

9. Student Doe #3 is enrolled in OPT after the completion of study at a

3

university in Los Angeles. They reside in Orange County. Student Doe #3 seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or blacklisting by third parties.[2]

10. Defendant U.S. Department of Homeland Security ("DHS") is a cabinet-level department of the Executive Branch of the federal government and is an "agency" within the meaning of 5 U.S.C. § 551(1). DHS includes various component agencies, including U.S. Immigration Customs and Enforcement ("ICE").

11. Defendant Kristi Noem is the Secretary of Homeland Security and has ultimate authority over DHS. In that capacity and through her agents, Defendant Noem has broad authority over the operation and enforcement of the immigration laws. Defendant Noem is sued in her official capacity.

12. Defendant Todd Lyons is the Acting Director of ICE and has authority over the operations of ICE. In that capacity and through his agents, Defendant Lyons has broad authority over the operation and enforcement of the immigration laws. Defendant Lyons is sued in his official capacity. ICE is responsible for the termination of Student Doe #3's SEVIS record.

## LEGAL FRAMEWORK

---

[2] Plaintiff will separately file a motion to proceed pseudonymously.

13. A nonimmigrant visa controls a noncitizen's admission into the United States, not their continued stay. Congress established a statutory basis for student visas under 8 U.S.C.§ 1101(a)(15)(F)(i), requiring that a noncitizen engage in a full course of study to maintain nonimmigrant status. Once admitted in F-1 status, a student is granted permission to remain in the United States for the duration of status (D/S) as long as they continue to meet the requirements established by the regulations governing their visa classification in 8 C.F.R. § 214.2(f), such as maintaining a full course of study and avoiding unauthorized employment.

14. An international student who has completed study may be eligible for OPT, which allows foreign nationals on an F–1 student visa to engage in employment during and/or after completing a course of study at a U.S. educational institution. *See* 8 C.F.R. § 214.2(f)(10)(ii). SEVIS enrollment must be valid in order for OPT employment to be authorized.

15. The SEVIS is a centralized database maintained by the SEVP within ICE used to manage information on nonimmigrant students and exchange visitors and track their compliance with terms of their status. Under 8 C.F.R. § 214.3(g)(2), Designated School Officials (DSOs) must report through SEVIS to SEVP when a student fails to maintain status. SEVIS termination is governed by SEVP policy and regulations. Termination must be based on a student's failure to maintain status.

16. DHS regulations distinguish between two separate ways a student may fall out of status: (1) a student who "fails to maintain status," and (2) an agency-initiated "termination of status."

17. The first category, failure to maintain status, involves circumstances where a student voluntarily or inadvertently falls out of compliance with the F-1 visa requirements, for example by failing to maintain a full course of study, engaging in unauthorized employment, or other violations of their status requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. §§ 214.1(e)–(g) outlines specific circumstances where certain conduct by any nonimmigrant visa holder, such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year, "constitutes a failure to maintain status."

18. With the respect to the crime of violence category, 8 C.F.R. § 214.1(g) sets forth that a nonimmigrant's conviction "for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed) constitutes a failure to maintain status . . . ." Minor misdemeanor offenses do not meet this threshold for termination based on criminal history.

19. The second category, termination of status by DHS, can occur only under the limited circumstances set forth in 8 C.F.R. § 214.1(d), which only permits DHS to terminate status when: (1) a previously granted waiver under INA

6

§ 212(d)(3) or (4) [ 8 U.S.C. § 1182(d)(3) or (4)] is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. DHS cannot otherwise unilaterally terminate nonimmigrant status.[3]

20. Accordingly, the revocation of a visa does not constitute failure to maintain status and cannot therefore be a basis for SEVIS termination.[4] If a visa is revoked prior to the student's arrival to the United States, then a student may not enter and the SEVIS record is terminated. However, the SEVIS record may not be terminated as a result of a visa revocation after a student has been admitted into the United States, because the student is permitted to continue the authorized course of study.[5]

21. ICE's own guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record."[6] Rather, if the visa is

---

[3] *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 185 n. 100 (3d Cir. 2019).

[4] The Foreign Affairs Manual provides that a visa may be revoked based on a DUI. Arrest or conviction. 9 FAM 403.11-3(A) (U) When You May Revoke Visas. However, a revocation is not authorized where the arrest has "already been addressed within the context of a visa application, i.e., the individual has been through the panel physician's assessment due to the arrest." 9 FAM 403.11-5(B) (U).

[5] ICE Policy Guidance 1004-04 –Visa Revocations (June 7, 2010), available at https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf

[6] *Id*.

revoked, the student is permitted to pursue their course of study in school, but upon departure, the SEVIS record is terminated and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States.[7]

22. While a visa revocation *can* be charged as a ground of deportability in removal proceedings, deportability can be contested in such proceedings.[8] The immigration judge may also even dismiss removal proceedings where a visa is revoked, so long as a student is able to remain in valid status.[9] Only when a final removal order is entered would status be lost.

23. A student who has not violated their F-1 status, even if their visa is revoked, cannot have a SEVIS record terminated based on a deportability ground alone.

24. The immigration courts have no ability to review the SEVIS termination here because the process is collateral to removal.[10] There is also no

---

[7] Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016), available at https://www.aila.org/library/dos-guidance-directive-2016-03-on-visa-revocation.

[8] *See* 8 USC § 1227(a)(1)(B); 8 U.S.C. § 1201(i) (allowing immigration court review of visa revocation).

[9] 8 C.F.R. § 1003.18(d)(ii)(B).

[10] *See Nakka v. United States Citizenship & Immigr. Servs.*, 111 F.4th 995, 1007 (9th Cir. 2024); *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3d Cir. 2019).

8

administrative appeal of a denial to reinstate F-1 status. The termination of a SEVIS record constitutes final agency action for purposes of APA review.[11]

## FACTUAL ALLEGATIONS

25. Plaintiff Student Doe #3 is an international student in student status and authorized for OPT with SEVIS enrollment from a Los Angeles university. They are from an Asian country.

26. Plaintiff is focused on their field of study and they have not engaged in any significant political activity.

27. Plaintiff first came to study in the United States on a student visa more than five years ago.

28. Plaintiff completed their degree and was issued a Form I-20 to engage in OPT, permitting employment after the completion of study.

29. On April 3, 2025, Plaintiff received notice from their university that their student visa was revoked and that their SEVIS status was terminated.

30. The basis provided for the termination was "otherwise failing to maintain status; individual identified in criminal record check; SEVIS record has been terminated."

31. Plaintiff was informed to immediately stop employment.

32. On April 8, 2025, Plaintiff received notice that the reason for their

---

[11] *See Fang*, 935 F.3d at 185.

termination had changed, and the reasons now stated were:

> TERMINATION REASON: OTHER – Individual identified in criminal records check and/or has had their visa revoked. SEVIS record terminated.

33. Plaintiff is unaware of the factual basis for the termination of their SEVIS status.

34. Plaintiff's only criminal history is a misdemeanor charge that was later dismissed. He has no conviction for a crime of violence.

35. DHS has not initiated removal proceedings against Plaintiff.

36. Plaintiff is highly valued by their employer, which desires for them to continue with OPT. However, Plaintiff may not be employed due to the SEVIS termination.

37. Since they received notice of their SEVIS termination, Plaintiff has been experiencing high levels of stress and anxiety. They are unsure of what will happen to them.

38. The SEVIS terminations have created havoc and uncertainty for schools as well. Upon information and belief, Plaintiff's university was not given any advanced warning or further explanation for the termination of Plaintiff's SEVIS status. Schools are scrambling to respond to these unprecedented actions and determine whether and how they can help their international students.[12]

---

[12] See Liam Knox, *How Trump is Wreaking Havoc on the Student Visa System*, Inside Higher Ed, April 5, 2024,

39. Intervention by the Court is necessary to remedy Defendants' illegal conduct.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Administrative Procedure Act**
*(Unauthorized SEVIS Termination)*

40. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

41. Under § 706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C)-(D).

42. Defendants have no statutory or regulatory authority to terminate Plaintiff's SEVIS record or status based simply on revocation of a visa. Additionally, nothing in Plaintiff's criminal history or other history provides a basis for termination.

---

https://www.insidehighered.com/news/global/international-students-us/2025/04/03/how-trump-wreaking-havoc-student-visa-system.

43. Therefore, Defendant's termination of Plaintiff's SEVIS status is not in accordance with law, in excess of statutory authority, and without observance of procedure required by law.

## SECOND CAUSE OF ACTION

**Fifth Amendment**
*(Procedural Due Process)*

44. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

45. Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of property interests protected under the Due Process Clause of the Fifth Amendment.

46. Once a student is lawfully admitted to the United States in F-1 status and complies with the regulatory requirements of that status, the continued registration of that student in SEVIS is governed by specific and mandatory regulations. Because these regulations impose mandatory constraints on agency action and because SEVIS registration is necessary for a student to remain enrolled as an international student, Plaintiff has a constitutionally protected property interest in their SEVIS registration. *See ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015)(recognizing protected property interest in participating in exchange visitor program); *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014)

(recognizing protected property interest in nondiscretionary application for naturalization).

47. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

### THIRD CAUSE OF ACTION

**Administrative Procedure Act**
*(Procedural Due Process)*

48. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

49. Under § 706(a) of the APA, final agency action can be set aside if it is "contrary to a constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

50. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

51. Accordingly, Defendants' action is contrary to a constitutional right.

### FOURTH CAUSE OF ACTION

**Administrative Procedure Act**
*(Arbitrary and Capricious SEVIS Termination)*

52. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

53. Under § 706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," including if it fails to make a rational connection between the facts found and the decision made. 5 U.S.C. § 706(2)(A).

54. Defendants failed to articulate the facts that formed a basis for their decision to terminate Plaintiff's SEVIS status in violation of the APA, let alone any rational connection between the facts found and the decision made.

55. Defendants' action is therefore arbitrary and capricious.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Declare that the termination of Plaintiff's SEVIS status was unlawful;

(3) Vacate and set aside DHS's termination of Plaintiff's SEVIS status;

(4) Order that Defendants restore Plaintiff's SEVIS record and status;

(5) Award costs and reasonable attorney fees under the Equal

Access to Justice Act, 28 U.S.C. § 2412(b); and

(6) Grant such further relief as the Court deems just and proper.

Dated: April 8, 2025    Respectfully Submitted,

/s/ *Stacy Tolchin*

*Email:*
*Stacy@Tolchinimmigration.com*
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233