1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STUDENT DOE #3,<br><br>    Plaintiff,<br><br>    v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; the DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br><br>    Defendants. | No. 8:25-cv-00706-DOC-DFM<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br><br>Hon. David O. Carter |

1

2       This matter has come before this Court on Plaintiff's Ex Parte Application for

3   Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction.

4   The Court has carefully considered all the filings, the arguments of counsel, and the

    record in this case.

5
        Plaintiff is entitled to a temporary restraining order if they establish that they
6
    are "likely to succeed on the merits, . . . likely to suffer irreparable harm in the
7
    absence of preliminary relief, that the balance of equities tips in [their] favor, and
8
    that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*,
9
    555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d
10
    832, 839 n.7 (9th Cir. 2001). Absent a showing of likelihood of success on the
11
    merits, the Court may still grant a temporary restraining order if Plaintiff raises
12
    "serious questions" as to the merits of their claims, the balance of hardships tips
13
    "sharply" in their favor, and the remaining equitable factors are satisfied. *Alliance*
14
    *for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). Further, under the
15
    Administrative Procedure Act, to prevent irreparable injury, the Court may issue "all
16
    necessary and appropriate process . . . to preserve status or rights pending" these
17
    proceedings. 5 U.S.C. § 705.
18
        Upon consideration of Plaintiff's Application for Temporary Restraining
19
    Order, and finding sufficient cause, the application is **GRANTED**, and **IT IS**
20
    **FURTHER ORDERED** that:
21
        1.      Defendants' termination of Plaintiff's SEVIS record is enjoined and
22
    any legal effect of Defendants' termination is stayed, including but not limited to:
23
                a.   Any effect on Plaintiff's ability to continue their studies and/or
24
                     transfer enrollment to a different school;
25

26

27

28

      b.  Any effect on Plaintiff's eligibility to work or receive authorization for Curricular Practical Training (CPT) or Optional Practical Training (OPT);

      c.  Any effect on Plaintiff's ability to change status to another nonimmigrant status or apply for adjustment of status to that of a lawful permanent resident;

      d.  Any effect on Plaintiff's accrual of unlawful presence; or

      e.  Any effect on Plaintiff's alleged removability.

2.     Defendants are prohibited from directly or indirectly, by any means whatsoever, implementing, enforcing, or otherwise taking action as a result of their decision to terminate Plaintiff's SEVIS record;

3.     Plaintiff may be identified in this action by the pseudonym "Student Doe #3." Materials filed with the Court that contain Plaintiff's name or any identifying information must be redacted and/or filed under seal.

4.     Counsel for Plaintiff shall disclose Plaintiff's identity to counsel for Defendants. Counsel for Defendants may only further disclose Plaintiff's name or related personal information to individuals directly involved in the litigation who agree to be bound by this Order, and only as reasonably necessary for the litigation (including to comply with any orders of the Court). Such information may not be used for any purpose outside of this litigation.

5.     Defendants are enjoined from arresting and detaining Plaintiff or transferring Plaintiff outside the jurisdiction of this District.

6.     This Order shall be in effect for a period of _____ days from entry hereof, after which it shall expire absent further order of the Court.

7.     As this Order should not result in any financial damage to Defendants, Plaintiff shall not be required to give security. Fed. R. Civ. P. 65(c).

8.      Defendants are hereby ORDERED TO SHOW CAUSE why a preliminary injunction should not issue. Defendants shall file any response to the Order to Show Cause on or before _____, and Plaintiff shall file any reply on or before _____. The Court will hear argument on whether a preliminary injunction should issue at _____ on, _____ 2025.


IT IS SO ORDERED.

Date: _____, 202___.


_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE